DaSilva v Toll GC LLC (2024 NY Slip Op 00862)

DaSilva v Toll GC LLC

2024 NY Slip Op 00862

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Webber, J.P., Gesmer, González, Pitt-Burke, Rosado, JJ. 

Index No. 156995/17, 595011/19, 595436/19 Appeal No. 1702 Case No. 2022-01794 

[*1]Claudenor DaSilva, Plaintiff-Appellant,
v
Toll GC LLC et al., Defendants-Respondents. (And Other Third-Party Actions.)

Lisa M. Comeau, Garden City, for appellant.
Goldberg Segalla, LLP, White Plains, (William T. O'Connell of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered March 18, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment as to liability on his Labor Law § 240(1) claim and Labor Law § 241(6) claim predicated on a violation of Industrial Code (12 NYCRR) § 23-1.7 (f) against defendants, unanimously modified, on the law, to grant plaintiff's motion for summary judgment as to liability on his Labor Law § 240(1) claim, and otherwise affirmed, without costs.
Plaintiff was entitled to summary judgment as to liability on his Labor Law § 240(1) claim (see Agli v 21 E. 90 Apts. Corp., 195 AD3d 458, 458-459 [1st Dept 2021]; see also Caba v 587-91 Third Owner, LLC, 213 AD3d 520, 521 [1st Dept 2023]). Plaintiff testified that, while employed by third-party defendant Advanced Contracting Solutions NY LLC, his foreman instructed him to bring a staircase mold weighing approximately 200 pounds from the fifth floor to the sixth floor. Plaintiff's foreman refused plaintiff's request to use a hoist to transport the staircase mold, and, instead, instructed him to manually transport the mold up a permanent concrete stairway. While plaintiff and his foreman were carrying the staircase mold up the stairway, they hit a vertical support pole in the stairway several times as they tried to maneuver up around it, causing plaintiff to slip on concrete debris and fall down the stairs.
Contrary to defendants' contention, the fact that the staircase on which plaintiff fell was constructed as a permanent structure does not remove it from the reach of Labor Law § 240(1) (see Gory v Neighborhood Partnership Hous. Dev. Fund Co., Inc., 113 AD3d 550, 550-551 [1st Dept 2014]). Because plaintiff's foreman instructed him to work on an elevated work platform—namely, the stairway—defendants were required to provide plaintiff with an adequate safety device to carry the staircase mold up the stairs. Defendants failed to do so, and the absence of a safety device was a proximate cause of plaintiff's injuries. At the time of his fall, plaintiff was following his foreman's instructions to manually carry the mold up the stairs, and thus, he was not the sole proximate cause of the accident (see Vucetic v NYU Langone Med. Ctr., 173 AD3d 527, 527 [1st Dept 2019]).
Plaintiff's testimony was consistent with the foreman's affidavit and did not raise any credibility issues (see Harris v City of New York, 83 AD3d 104, 106-107 [1st Dept 2011]). The competing expert affidavits do not preclude summary judgment as the experts do not dispute whether a safety device was required and differ only as to whether the hoist was available (see Gonzalez v Paramount Group, Inc., 157 AD3d 427, 428 [1st Dept 2018]).
In light of the foregoing, we need not address the Labor Law § 241(6) claim (see Agli, 195 AD3d at 459).
We have considered the remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME [*2]COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2024